IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAVEL KISLYAK, ) | CASE NO. 4:11CV3133 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | MEMORANDUM |
| ) | AND ORDER |
| YORK COUNTY SHERIFF'S/JAIL ) | |
| DEPARTMENTS, et al., ) | |
| ) | |
| Respondents. ) | |

This matter is before the court on Petitioner Pavel Kislyak's ("Kislyak") Amended Petition for Writ of Habeas Corpus ("Amended Petition"). (Filing No. 10.) Respondents have filed a Motion for Summary Judgment (Filing No. 20), a Brief in Support (Filing No. 22), relevant State Court Records (Filing No. 21) and a Notice (Filing No. 27). Kislyak has filed Supplements to his Amended Petition but did not respond to Respondents' Motion for Summary Judgment. (*See* Docket Sheet; Filing Nos. 23 and 25.) This matter is therefore deemed fully submitted.

Liberally construing the allegations of Kislyak's Amended Petition, he argues that he is entitled to a writ of habeas corpus because he is being held, pending a competency evaluation, in violation of his due process rights. (Filing No. 14 at CM/ECF p. 1.)

## BACKGROUND

### I.   Kislyak's State Court Proceedings

On June 2, 2011, the State of Nebraska filed a complaint in the County Court of York County, Nebraska ("County Court") charging Kislyak with willful reckless driving, disturbing the peace and obstructing government operations. (Filing No. 21-1 at CM/ECF pp. 7-8.) On July 7, 2011, Kislyak filed a motion for examination, asking the County Court

to order an examination of his sanity at the time of the alleged offense. (*Id*. at CM/ECF p. 9.) On July 20, 2011, the County Court granted Kislyak's motion for examination. (*Id*. at CM/ECF p. 10.) A psychiatric and competency evaluation of Kislyak was completed on September 9, 2011. (Filing No. 21-3 at CM/ECF pp. 3-6.)

On October 6, 2011, Kislyak and a state prosecutor filed a joint motion in the District Court of York County, Nebraska ("District Court"), requesting an order to determine Kislyak's competency and to administer medications involuntarily to Kislyak. (*Id*. at CM/ECF p. 3.) The joint motion also included a copy of Kislyak's psychiatric and competency evaluation. (*Id*. at CM/ECF pp. 3-6.) That same day, the District Court held a hearing on the joint motion and entered an order finding Kislyak mentally incompetent to stand trial.[1] (*Id*. at CM/ECF p. 7.) However, the District Court also concluded there was a substantial probability Kislyak would become competent within the foreseeable future. (*Id*.) The District Court committed Kislyak to a state owned or operated mental treatment facility and took the parties' request to have medication involuntarily administered to Kislyak under advisement. (*Id*. at CM/ECF pp. 7-8.) On October 20, 2011, the District Court denied the request to involuntarily administer medication to Kislyak. (*Id*. at CM/ECF pp. 9-11.)

## II. Kislyak's Petition

On August 4, 2011, Kislyak filed his original Petition for Writ of Habeas Corpus ("Petition") in this court. (Filing No. 1.) Because Kislyak failed to use Form AO 241, and

---

[1]During this hearing, the court granted Kislyak's motion to discharge his attorney, Nancy Waldron ("Waldron"), but required Waldron to continue as standby counsel. (*See* Filing No. 21-3 at CM/ECF p. 7.)

because his original Petition did not clearly indicate the grounds alleged, the court gave Kislyak an opportunity to file an amended petition. (Filing No. 8.) On October 31, 2011, Kislyak filed his Amended Petition which, when liberally construed, raised two claims for relief:

> Claim One: Petitioner is being held, pending a competency evaluation, in violation of his due process rights; and
>
> Claim Two: Petitioner's conditions of confinement violate his due process rights.

(Filing Nos. 10 and 14.) On initial review, the court permitted Kislyak's Claim One to proceed, but dismissed Claim Two because it was not cognizable as a habeas corpus claim. (Filing No. 14 at CM/ECF pp. 1-2.)

On December 19, 2011, Respondents filed a Motion for Summary Judgment (Filing No. 20) along with a Brief in Support (Filing No. 22) and relevant State Court Records (Filing No. 21). In response, Kislyak filed two Supplements.[2] (Filing No. 23.) Kislyak also filed a Motion to Extend time to respond to Respondents' Motion. (Filing No. 24.) The court granted Kislyak's Motion to Extend and gave him until February 29, 2012, to file a response. (Filing No. 26.) Kislyak failed to file a response by the court's deadline and on March 30, 2012, Respondents filed a Notice informing the court that they would not be filing a reply brief. (Filing No. 27.)

---

[2]These Supplements contain documents related to the sale of Kislyak's property and Kislyak's failure to comply with regulations regarding a wastewater lagoon located on his property. (Filing No. 23 at CM/ECF p. 3; Filing No. 25 at CM/ECF p. 2.)

*ANALYSIS*

**I.    Standards for Procedural Default**

Respondents argue, among other things, that Kislyak's habeas claims are procedurally defaulted. (Filing No. 22 at CM/ECF p. 4-7.) As set forth in 28 U.S.C. § 2254(b)(1):

(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)   the applicant has exhausted the remedies available in the courts of the State; or

    (B)   (i)   there is an absence of available State corrective process; or
          (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court

4

if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454-55 (8th Cir. 2005). If a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. Akins, 410 F.3d at 456 n. 1.

Competency determinations in Nebraska are governed by Neb. Rev. Stat. § 29-1823, which provides:

> (1) If at any time prior to trial it appears that the accused has become mentally incompetent to stand trial, such disability may be called to the attention of the district court by the county attorney, by the accused, or by any person for the accused. The judge of the district court of the county where the accused is to be tried shall have the authority to determine whether or not the accused is competent to stand trial. The district judge may also cause such medical, psychiatric, or psychological examination of the accused to be made as he or she deems warranted and hold such hearing as he or she deems necessary. The cost of the examination, when ordered by the court, shall be the expense of the county in which the crime is charged. The district judge may allow any physician, psychiatrist, or psychologist a reasonable fee for his or her services, which amount, when determined by the district judge, shall be certified to the county board which shall cause payment to be made. Should the district judge determine after a hearing that the accused is mentally incompetent to stand trial and that there is a substantial probability that the accused will become competent within the foreseeable future, the district judge shall order the accused to be committed to a state hospital for the mentally ill or some other appropriate state-owned or state-operated facility for appropriate treatment until such time as the disability may be removed.
>
> (2) Within six months after the commencement of the treatment ordered by the district court, and every six months thereafter until either the disability is removed or other disposition of the accused has been made, the court shall hold a hearing to determine (a) whether the accused is competent to stand trial or (b) whether or not there is a substantial probability that the accused will become competent within the foreseeable future.
>
> (3) If it is determined that there is not a substantial probability that the accused will become competent within the foreseeable future, then the state shall either (a) commence the applicable civil commitment proceeding that would be required to commit any other person for an indefinite period of time or (b) release the accused. If during the period of time between the six-month

> review hearings set forth in subsection (2) of this section it is the opinion of the Department of Health and Human Services that the accused is competent to stand trial, the department shall file a report outlining its opinion with the court, and within twenty-one days after such report being filed, the court shall hold a hearing to determine whether or not the accused is competent to stand trial. The state shall pay the cost of maintenance and care of the accused during the period of time ordered by the court for treatment to remove the disability.

Neb. Rev. Stat. § 29-1823.

## II. Kislyak's Claim

As discussed above, Kislyak alleges he is being held, pending a competency evaluation, in violation of his due process rights. (Filing No. 14 at CM/ECF p. 1.) To the extent Kislyak seeks a competency evaluation, his claim is moot because his competency evaluation was completed on September 9, 2011. (Filing No. 21-3 at CM/ECF pp. 3-6.) *See, e.g.,* *Burnett v. Lampert*, 432 F.3d 996, 1001 (9th Cir. 2005), (finding petitioner's claim for relief moot because it could not be "'redressed by a favorable . . . decision' of the court issuing a writ of habeas corpus"); *Lambrix v. Singletary,* 72 F.3d 1500, 1508 (11th Cir. 1996), (concluding habeas claim was moot where appropriate remedy for the claim had already been granted).

To the extent that Kislyak raises claims related to his District Court proceeding, such claims are procedurally defaulted. On October 6, 2011, the District Court entered an order declaring that Kislyak was incompetent to stand trial. (Filing No. 21-3 at CM/ECF pp. 7-8.) This order was a final and appealable order. *See* *State v. Jones*, 605 N.W.2d 434, 437 (Neb. 2000), ("A proceeding to determine the competency of an accused to stand trial is a special proceeding within the meaning of [Neb. Rev. Stat.] § 25-1902, and an order finding the accused incompetent to stand trial and ordering the accused confined until such

time as he or she is competent is a final order from which an appeal may be taken under Neb. Rev. Stat. § 25-1911."). Kislyak did not appeal the District Court's October 6, 2011, order, and therefore, did not give the state courts one full opportunity to address his claim. (Filing No. 21-2 at CM/ECF p. 1; Filing No. 21-4 at CM/ECF p. 1.) In addition, Kislyak cannot go back and file an appeal in state court because his 30 day time limit to appeal has expired. *See* Neb. Rev. Stat. § 25-1912 (providing thirty days to appeal a final order). Because Kislyak failed to fairly present his habeas claim to the Nebraska state courts, and because he cannot return to state court to file an appeal, his habeas claim is procedurally defaulted.

**III.   Cause and Prejudice**

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999); *see also Bell v. Attorney Gen. of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007), ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

The court has carefully reviewed Kislyak's submissions in this matter. Kislyak makes no attempt to show cause for failing to present his habeas claims to the Nebraska

7

state courts. Because Kislyak has not demonstrated cause and prejudice to excuse the procedural default of his habeas claim, this matter is dismissed in its entirety.

IT IS THEREFORE ORDERED that:

1. Respondents' Motion for Summary Judgment (Filing No. 20) is granted;

2. Petitioner Pavel Kislyak's Amended Petition for Writ of Habeas Corpus (Filing No. 10) is dismissed with prejudice to the extent that Petitioner challenges the District Court's October 6, 2011, order and is otherwise dismissed without prejudice;

3. All other pending Motions are denied as moot; and

4. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 21st day of May, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.